UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ISAIAH MARIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:19CV901 HEA |
| JENNIFER SACHSE, | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of petitioner Isaiah Marin to proceed *in forma pauperis*. Petitioner, currently incarcerated at the Missouri Eastern Correctional Center ("MECC"), seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, petitioner requests relief from an extension of his release date by the MECC Parole Board due to poor conduct. Based on the financial affidavit submitted in support of his motion, petitioner will be granted leave to proceed without the payment of the filing fee. However, for the reasons discussed below, the petition will be summarily dismissed without prejudice.

### Background

Independent review of petitioner's case history on Missouri Case.net, the State of Missouri's online docketing system, shows that petitioner pled guilty to a charge of "Attempt to Entice a Child" in 2005, for which he was sentenced to five (5) years suspended imposition of sentence. *State v. Marin*, Case No. 0511-CR04101-01 (11th Jud. Cir. July 5, 2005). On September 4, 2007, petitioner's probation was revoked and he was sentenced to three (3) years on this charge. On February 8, 2008, petitioner pled guilty to burglary and assault in a separate criminal case, and was sentenced to six (6) years and six (6) months, to run concurrently with

each other and his previous sentence. *State v. Marin*, Case No. 0711-CR02411-01 (11th Jud. Cir. Apr. 9, 2007). Petitioner's incarceration was extended in 2009 after he pled guilty to the charge of "Delivery or Concealment of Prohibited Articles in the Department of Corrections" and he was sentenced to eight (8) years to run consecutively with the time he was then serving. *State v. Marin*, Case No. 08SF-CR00139 (24th Jud. Cir. Dec. 17, 2008).

However, petitioner states in his petition that he is "not challenging the Circuit Court where he plead guilty and was sentenced" but instead he is "addressing matters with the Missouri Department of Corrections … Division of Probation and Parole in regard [to] due process violations." ECF No. 1-1 at 2. According to petitioner, he received conduct violations at MECC which "extended and rescheduled" his conditional release date of confinement from "08/06/19 to 08/06/20." *Id.* Petitioner attached to his petition the notice he received from the Board of Probation and Parole confirming that his previously set release date was cancelled and his new release date was scheduled for "08/06/2020." *Id.* at 8. The Board states their reasoning as: "There does not appear to be a reasonable probability at this time that the offender would live and remain at liberty without again violating the law based on … [p]oor institutional adjustment." *Id.* The notice also states that the decision is not subject to appeal.

Petitioner alleges his Fourteenth Amendment right to due process was violated when he did not receive a parole hearing "with a neutral and detached hearing body" and when his release date was extended "without receiving a written notice of claims violations of parole." ECF No. 1-1 at 1-4. According to petitioner, he was denied the right "to present witnesses, documentary evidence, and to confront and cross-examine adverse witnesses." *Id.* at 4. He also complains of never receiving "a written statement by factfinders as to the evidence relied on and reason for revoking [his] conditional release date." *Id.* at 5.

Petitioner states that he requested a grievance form from the MECC parole office to complain of due process violations in regards to the extension of his release date, but he was informed that the "decision cannot be appealed as it was made by majority board decision" and that "[p]arole decisions are not grievable." ECF No. 1-1 at 10. According to petitioner, the filing of this case is "the first process to address" his alleged due process violations. ECF No. 1-1 at 5, 6. Petitioner asks this Court to reprimand the Missouri Department of Corrections ("MDOC") for unconstitutional actions and to reverse the MDOC Board of Probation and Parole's decision to extend his release date. *Id.* at 7.

## Discussion

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." As such, for a claim to be cognizable in federal habeas review, it must raise a constitutional issue. *Gee v. Grodse*, 110 F.3d 1346, 1351-52 (8th Cir. 1997). Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Such is the case here.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). "[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (quoting *Marshall v. Mitchell*, 57 F.3d 671, 673 (8th Cir. 1995)). Although a state's

parole statutes and regulations may create a liberty interest that is entitled to protection, *Greenholtz*, 442 U.S. at 12, the Eighth Circuit has determined that Missouri statutes do not create a liberty interest protected by the due process clause of the Fourteenth Amendment. *Marshall*, 57 F.3d at 673. Furthermore, the Missouri parole policy guidelines are not mandatory and as such, they do not create a constitutionally-protected liberty interest either. *See* 14 Mo. C.S.R. 80-2.020(1) (parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness, offender characteristics, and sentence length; mitigating or aggravating circumstances may warrant decisions outside the guidelines). Petitioner has failed to show that he was denied a constitutional right by the extension of his release date from confinement.

In addition, in the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-93 (1973). Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. *Wayne v. Missouri Board of Probation and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). According to the filings, petitioner has pursued none of these state court remedies and for some reason he believes this federal suit is the "first process to address" his alleged due process violations. ECF No. 1-1 at 6. Petitioner has not exhausted his available state remedies. The Court will dismiss the petition without prejudice. *Adams v. Agniel*, 405 F.3d 643, 644 (8th Cir. 2005) (a claim attacking the validity of confinement can only be properly pursued through a habeas action after exhausting state remedies).

Finally, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th. Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED and DISMISSED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal will be filed herewith.

Dated this 9th day of May 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE